UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BAMBI HARDING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2035** |
| **NOTRE DAME HEALTH SYSTEMS** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Defendant Notre Dame Health Systems' ("Defendant") Motion to Dismiss Pursuant to Rule 12(b)(6).[1] In the Motion, Defendant asserts Plaintiff Bambi Harding's ("Plaintiff") charge to the EEOC was untimely, rendering her claims before this Court time-barred due to a failure to exhaust administrative remedies.[2] Defendant seeks judicial notice of certain EEOC records it maintains "definitively" show Plaintiff's charge was not received by the EEOC in a timely fashion.[3] Plaintiff contends she adequately pled timely exhaustion of her claims, and that the EEOC records reflect a dispute of fact on whether her claims were timely received by the EEOC that is improper to resolve in a motion to dismiss.[4] Having considered the Motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the Motion.

---

[1] Rec. Doc. 6.

[2] *Id.*

[3] *Id.* at 12.

[4] Rec. Doc. 12 at 5–6, 10.

1

## I. Background

In this matter, Plaintiff seeks damages for Defendant's alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII").[5] Plaintiff claims she was previously employed as a nurse at Defendant's New Orleans, Louisiana, location and, during her employment, she was subject to "repeated egregious acts of sexual harassment" by patients.[6] Despite numerous complaints, Plaintiff alleges Defendant failed to take prompt remedial action to assist Plaintiff and instead retaliated against Plaintiff by assigning her to work with increasingly difficult and sometimes violent patients.[7] Plaintiff brings claims for a hostile work environment, retaliation, and constructive discharge.[8]

In the Complaint, Plaintiff alleges "[r]ecords will show that Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on August 13, 2023."[9]

On November 7, 2024, Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) based on an alleged lack of timely administrative exhaustion of the claims in this suit.[10] On December 2, 2024, Plaintiff filed an Opposition to the Motion.[11] On December 5,

---

[5] Rec. Doc. 1 at 1.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 6–9.

[9] *Id.* at 3.

[10] Rec. Doc. 6.

[11] Rec. Doc. 11.

2024, Defendant filed a Reply.[12]

## II. Parties' Arguments

### A. *Defendant's Arguments in Support of the Motion*

Defendant contends all of Plaintiff's claims should be dismissed because Plaintiff "failed to timely exhaust her administrative remedies with the EEOC before pursuing an action in district court."[13] Defendant points out that Plaintiff alleges the harassment at issue occurred between July and October of 2022 while Plaintiff was employed by Defendant.[14] While Defendant admits Plaintiff's Complaint plainly states Plaintiff timely filed a charge of discrimination with the EEOC on August 13, 2023, Defendant claims the charge was not *received* by the EEOC on that date, thus making the charge untimely.[15]

For timely exhaustion of administrative remedies in Title VII claims, Defendant contends a charge of discrimination must be received by the EEOC within 300 days of the final date of discrimination involved in that claim.[16] Defendant asserts the last alleged discriminatory act occurred on October 18, 2022.[17] Therefore, the last day for Plaintiff to have successfully filed a discrimination charge, according to Defendant, was August 14, 2023.[18] However, on May 13, 2024, Defendant asserts the EEOC sent a letter to Plaintiff notifying her that the EEOC did not

---

[12] Rec. Doc. 12.

[13] Rec. Doc. 6-1 at 1.

[14] *Id.* at 2.

[15] *Id.*

[16] *Id.* at 8.

[17] *Id.*

[18] *Id.*

receive her charge on August 13, 2024.[19] The EEOC confirmed "formal" receipt of the charge on the same day, May 13, 2024.[20] Thus, because the charge was not "received" by the EEOC until May 2024, Defendant asserts, Plaintiff failed to timely file her claim with the EEOC because the last act of discrimination was far more than 300 days prior to May 13, 2024.[21]

The evidence Defendant cites for the proposition the EEOC did not receive the charge on August 13, 2024, are letters, emails, and a log of Plaintiff's activity Defendant received from the EEOC as part of a Freedom of Information Act ("FOIA") request.[22] These records were not attached to Plaintiff's Complaint. Defendant contends this Court should rely on the EEOC "records" attached to their motion because Plaintiff referenced EEOC "records" in the original Complaint and the records are fundamental to establishing whether Plaintiff exhausted her administrative remedies.[23] Defendant further asserts the letters are subject to judicial notice as public records under Rule 201 of the Federal Rules of Evidence.[24] Because the EEOC records suggest the EEOC did not receive Plaintiff's charge until May 2024, Defendant argues the charge was untimely filed, and thus, because Plaintiff failed to timely exhaust her claims with the EEOC, the claims in this suit should be dismissed.[25]

---

[19] *Id.*

[20] *Id.* Defendant attached a letter from the EEOC dated June 3, 2024, stating that the EEOC received the charge on May 13, 2024. Rec. Doc. 6-2 at 13. Defendant additionally attached an EEOC log of activity in Plaintiff's allegations filed with the EEOC. Rec. Doc. 6-2 at 30–35. This log shows the first action in the case as inquiry created on May 13, 2024. *Id.*

[21] *Id.*

[22] Rec. Doc. 6-2 at 14.

[23] Rec. Doc. 6-1 at 3.

[24] *Id.*

[25] *Id.* at 8–10.

B.      *Plaintiff's Arguments in Opposition to the Motion*

In Opposition,[26] Plaintiff points out Defendant concedes a charge received by the EEOC on August 14, 2023, would be timely.[27] Plaintiff highlights that Defendant's attached EEOC records reflect an email from Plaintiff's counsel to the EEOC of Plaintiff's discrimination charge dated August 13, 2024.[28] Plaintiff further asserts Defendant does not dispute this method of filing was consistent with the procedure for submitting charges with the New Orleans EEOC office at the time of submission.[29] Plaintiff contends Defendant relies on the EEOC's "characterization of whether it received Plaintiff's [c]harge and on the EEOC portal documents relevant to Plaintiff's [c]harge."[30] Plaintiff states Defendant interprets "received" too rigidly and fails to acknowledge potential error on behalf of the EEOC of overlooking a particular email or not "receiving" the email due to technical reasons.[31] Plaintiff avers whether the EEOC received the August 13, 2024, email is a fact issue that cannot be resolved at the motion to dismiss stage.[32]

Plaintiff moves on to argue the EEOC log is incomplete, calling into question whether it would reflect the EEOC receiving the August 13, 2024 email, even if the EEOC had received it.[33] Plaintiff points to an April 4, 2024 correspondence from Plaintiff's counsel to the EEOC that was

---

[26] Rec. Doc. 11.

[27] *Id.* at 5.

[28] *Id.* (citing Rec. Doc. 6-2 at 17).

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.* at 6.

[33] *See id.* at 7.

stamped as received on April 5, 2024.[34] Plaintiff's counsel argues the EEOC log does not reflect this correspondence, pointing to a factual question regarding the completeness of the log.[35] Plaintiff lastly argues equitable tolling of the exhaustion requirement should be available in this instance because the delay is due, at least in part, to the actions of the EEOC.[36]

Plaintiff's counsel additionally attaches a "declaration of German Hendrix" to the Opposition, in which German Hendrix, who avows he is the CEO of Defentec in Austin, Texas, claims he reviewed "documentary proof" the attorneys in this case sent an email to the EEOC address on August 14, 2023.[37]

### C.   *Defendant's Arguments in Reply*

In Reply,[38] Defendant argues it would be improper for the Court to consider Plaintiff's "self-serving" declaration executed by German Hendrix.[39] Defendant claims only documents attached to the Complaint or documents subject to judicial notice can be considered by the Court on a motion to dismiss.[40] Defendant then reiterates its argument that the EEOC has already determined it did not receive Plaintiff's charge in a timely fashion.[41] Defendant further highlights Plaintiff did not attempt to follow up with the EEOC until seven months after August 2024.[42] Defendant

---

[34] *Id.* (citing Rec. Doc. 6-2 at 15).

[35] *Id.*

[36] *Id.* at 9.

[37] Rec. Doc. 11-1.

[38] Rec. Doc. 12.

[39] *Id.* at 1.

[40] *Id.* at 2.

[41] *Id.* at 3.

[42] *Id.*

maintains there exists "zero evidence properly considered in connection with [this] Motion to Dismiss that would suggest the EEOC received [Plaintiff's] [c]harge in an August 2023 email, or at any other time prior to the filing deadlines, nor is there any indication the EEOC received but did not timely act on a [c]harge of [d]iscrimination by Plaintiff."[43]

Lastly, Defendant claims equitable tolling is not available in this case given the fact the records show Plaintiff's counsel waited 227 days to attempt to follow up on the charge Plaintiff claims was sent on August 13, 2024, to the EEOC.[44] Defendant argues this demonstrates Plaintiff's counsel did not exercise reasonable diligence in pursuit of Plaintiff's claims, and thus, equitable tolling is not warranted.[45]

### III. Legal Standard

#### A.    *Legal Standard for Motions to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[46] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[47] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[48] "Factual allegations must be enough to raise a right to relief above the speculative level."[49] A claim is facially plausible when the plaintiff has pleaded facts that allow

---

[43] *Id.* at 6.

[44] *Id.* at 9.

[45] *Id.* at 10.

[46] Fed. R. Civ. P. 12(b)(6).

[47] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[48] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[49] *Twombly*, 550 U.S. at 555.

the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[50]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[51] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[52] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[53] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[54] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[55] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[56] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[57] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[58]

---

[50] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[51] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[52] *Iqbal*, 556 U.S. at 678–79.

[53] *Id.* at 679.

[54] *Id.* at 678.

[55] *Id.*

[56] *Id.*

[57] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[58] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470,

B.  *Administrative Exhaustion Requirement*

To successfully exhaust administrative remedies of claims relating to discrimination under Title VII, an aggrieved employee "must file a claim with the designated EEOC within 300 days of the alleged unlawful employment action."[59] If a claim is not filed within this time limit with the EEOC, claims made in district court are time barred.[60] "A claim is considered filed when it is *received* by the EEOC or the state agency responsible for the administration of complaints of employment discrimination."[61]

## IV. Analysis

A.  **Whether the EEOC Records can Properly be Considered by the Court at the Motion to Dismiss Stage**

Typically, a court cannot rely on evidence in a Rule 12(b)(6) motion outside of the original complaint or what is attached to it.[62] However, a court may properly consider evidence outside the original complaint if: (1) the pieces of evidence are attached to a Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim, or (2) are a matter subject to judicial notice under Federal Rule of Evidence 201.[63] Defendant asserts the EEOC letters, emails, and records attached to its motion are admissible on both grounds.[64] This Court only analyzes whether the EEOC records are admissible under a theory of judicial notice, finding that they are.

---

2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[59] *Kirkland v. Big Lots Store, Inc.*, 547 Fed.Appx. 570, 572 (5th Cir. 2013) (citation omitted).

[60] *Id.* at 573.

[61] *Id.* (quotations omitted).

[62] *See George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

[63] *Id.* (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).

[64] *See* Rec. Doc. 6-1.

9

For a fact or document to be subject to judicial notice under Federal Rule of Evidence 201, it must be one "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[65] Defendant asserts the letters, emails, and records from the EEOC are capable of accurate and ready determination that cannot be reasonably questioned due to their status as public records.[66] Plaintiff does not urge the Court to refuse to take judicial notice of the EEOC records attached to Defendant's motion.[67]

A court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion,[68] and there exists a growing consensus among courts within this Circuit and in others that EEOC documents beyond a formal charge are appropriate for judicial notice as matters of public record.[69] Defendant asserts all of the letters, emails, and records attached to its Motion were recovered from the EEOC through a Freedom of Information Act ("FOIA") request, which Plaintiff does not dispute.[70] This suggests all of the records could be viewed by any member of the public if they were to submit the proper request,[71] leading to the conclusion the EEOC documents attached to Defendant's Motion are all part of the public record.[72]

---

[65] Fed. R. Evid. 201(b).

[66] Rec. Doc. 6-1 at 6.

[67] *See* Rec. Doc. 11.

[68] *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 2002). Considering the Court may review the EEOC documents in resolving this motion to dismiss, the Court declines to convert the motion to dismiss to one for summary judgment.

[69] *See Thomas v. Esper*, 2019 WL 3026951, at *3 (E.D. Tex. May 22, 2019) (collecting cases).

[70] Rec. Doc. 6-1 at 6.

[71] *See* 5 U.S.C. Section 552.

[72] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021) ("public records, by definition,

Considering these facts and with no objection from Plaintiff, the Court takes judicial notice of all the records attached to Defendant's Motion considering their status as public records.[73]

### B.     Whether the EEOC Records Compel Dismissal under Rule 12(b)(6)

The Court next addresses whether dismissal of Plaintiff's claims is warranted on Defendant's theory that Plaintiff failed to timely exhaust her Title VII claims with the EEOC before bringing suit in federal court. Defendant's motion only requests dismissal based on this alleged failure to exhaust administrative remedies.[74] To successfully exhaust discrimination claims with the EEOC like the ones Plaintiff brings in this case, the last instance of discrimination must have occurred within 300 days of the EEOC receiving Plaintiff's charge.[75]

Without consideration of the EEOC records attached to Defendant's Motion, this Motion would undeniably fail on the question of administrative exhaustion. To survive a motion to dismiss, a complaint must consist of sufficient factual matter, when accepted as true, would lead to a stated claim for relief that is plausible on its face.[76] Plaintiff's Complaint plainly alleges "[r]ecords will show that Plaintiff timely filed a Charge of Discrimination with the [EEOC] on August 13, 2023."[77] The last instance of discrimination Plaintiff claims occurred was on October 18, 2022.[78] Taking Plaintiff's assertion she filed a charge with the EEOC on August 13, 2023, as

---

presume public access.").

[73] Rec. Doc. 6-2. The Court denies Plaintiff's request to consider its Declaration of German Hendrix attached to its Opposition to Defendant's motion. Rec. Doc. 11-1. Plaintiff provides no evidence to support why the Court should consider the declaration, and it was not attached to the Complaint or referenced within.

[74] *See* Rec. Doc. 6-1 at 1.

[75] *Kirkland*, 547 Fed. App'x. at 572.

[76] *Iqbal*, 556 U.S. at (quoting *Twombly*, 550 U.S. at 570).

[77] Rec. Doc. 1 at 3.

[78] *Id.* at 5.

true, Plaintiff's charge would prove timely. August 14, 2023, was 300 days after October 18, 2022. A charge received by the EEOC on August 13 or 14, 2023, would fall within the necessary 300-day window for adequate administrative exhaustion. Defendant does not dispute the fact a charge received by the EEOC by August 14, 2023, would be timely.[79]

However, Defendant claims the EEOC records "definitively" show Plaintiff's charge was not "received" by the EEOC until May 2024, nine months after the timely filing deadline.[80] Defendant is correct to point out, for proper "filing" of a charge under Title VII with the EEOC, a charge must be "received" by the EEOC.[81] Mailing or otherwise sending a charge does not necessarily lead to the EEOC receiving the claim.[82] Defendant points to three main pieces of evidence to support the contention the EEOC did not timely receive Plaintiff's charge: (1) the attached letter from the EEOC stating the charge was not received by its office on August 13, 2024,[83] (2) another letter stating the charge was not received until May 2024,[84] and (3) the log of activity from the EEOC regarding Plaintiff's claim failing to reflect a charge filed in August 2023.[85] Defendant contends these records taken together lead to the conclusion Plaintiff definitively did not timely administratively exhaust her claims. Defendant argues Plaintiff's claims should be dismissed on these grounds.

But Defendant fails to account for the fact that taking judicial notice of the EEOC records

---

[79] *See* Rec. Docs. 6-1, 12.

[80] Rec. Doc. 6-1 at 12.

[81] *See Kirkland*, 547 Fed. App'x. at 573.

[82] *See id.*

[83] Rec. Doc. 6-2 at 14.

[84] *Id.* at 13.

[85] *Id.* at 30–35.

12

attached to its Motion is only for the "purpose of determining what statements the documents contain, not to prove the truth of the documents' contents."[86] In other words, just because these EEOC records have been found "susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."[87] Plaintiff vigorously opposes the factual veracity of the records, and the records even contradict themselves. The Complaint and Opposition maintain that Plaintiff emailed her charge to the New Orleans EEOC office on August 14, 2023.[88] Part of the EEOC records attached to Defendant's Motion is an email from Plaintiff to the EEOC Office on August 14, 2023, that includes an attachment labeled "2023.08.14 EEOC Charge Final."[89] Defendant does not explain why this email, which the EEOC claims they never received, is part of the EEOC records Defendant was given through a FOIA request. Further, the EEOC records indicate a letter was sent from Plaintiff's attorney to the EEOC on April 4, 2024, which explained Plaintiff's counsel had sent a charge to the EEOC on August 14, 2023.[90] But the EEOC log tracking Plaintiff's activity with the EEOC fails to account for this letter, with its first recorded activity from Plaintiff in May 2024.[91] The documents provided by Defendant create more questions than answers.

While the letter from the EEOC stating it did not receive Plaintiff's charge in August 2023 coupled with the EEOC's log failing to reflect receipt of the charge at that time, taken on their

---

[86] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).

[87] *Franklin v. Apple Inc.*, 659 F.Supp.3d 465, 477 (E.D. Tex. Oct. 27, 2011).

[88] Rec. Doc. 1; Rec. Doc. 11 at 8.

[89] Rec. Doc. 6-2 at 17.

[90] *Id.* at 15.

[91] Rec. Doc. 6-2 at 35.

own, "suggest[] the absence of receipt, it is equally plausible that the document had been delivered to the EEOC investigator and was simply not uploaded by the investigator in a timely fashion."[92] Plaintiff is entitled to more discovery on this issue to determine if the EEOC did in fact receive her charge in August 2023, but simply failed to update its own archives. Thus, even with consideration of these records, taking all of Plaintiff's allegations as true, Plaintiff has adequately alleged she met the requirements of administrative exhaustion for the purposes of this Motion to Dismiss. The fact issues in dispute cannot be resolved on a Rule 12(b)(6) motion.[93]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Notre Dame Health Systems' Motion to Dismiss Pursuant to Rule 12(b)(6) and Request for Judicial Notice in Support of the Same[94] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this  15th  day of May, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[92] *Jackson v. Chalmette Refining, LLC*, 2023 WL 4409166, at *7 (E.D. La. July 7, 2023).

[93] Equitable tolling is also a factual issue which ordinarily cannot be resolved on a Rule 12(b)(6) motion. *Abecassis v. Wyatt*, 785 F.Supp.2d 614, 652 (S.D. Tex. 2011), *on reconsideration in part*, 7 F. Supp. 3d 668 (S.D. Tex. 2014) ("Courts have held that 'because the question whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion.") (citing *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 301–02 (3d Cir. 2010); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003–04 (9th Cir. 2006); *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004)).

[94] Rec. Doc. 6.